# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                                   **Case No. 10-CR-264**

**CARL SMITH**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant Carl Smith pleaded guilty to possessing a firearm after being convicted of a misdemeanor crime of domestic violence, 18 U.S.C. § 922(g)(9), and I set the case for sentencing. At the initial sentencing hearing in May 2011, I noted defendant's good progress on pre-trial release and in residential treatment, and continued the sentencing for three months to see how defendant would do in the community. Unfortunately, his performance was not what I had hoped, and it became clear that a sentence served in the community would not be appropriate. This memorandum sets forth the reasons for the prison sentence imposed.

**I.**

The first step in sentencing is to correctly calculate the advisory sentencing guideline range. See, e.g., United States v. Garrett, 528 F.3d 525, 527 (7th Cir. 2008). Here, defendant's pre-sentence report ("PSR") set a base offense level 14 under U.S.S.G. § 2K2.1(a)(6)(A), then subtracted 2 levels for acceptance of responsibility, § 3E1.1, for a final level of 12. Coupled with defendant's criminal history category of IV, level 12 produced an imprisonment range of 21-27 months. Without objection, I found these calculations correct and adopted them accordingly.

**II.**

In imposing the actual sentence, the district court must consider all of the factors set forth in 18 U.S.C. § 3553(a), see United States v. Harris, 490 F.3d 589, 597 (7th Cir. 2007), which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the [advisory] sentencing [guideline] range[;]
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must comply with the statute's "overarching command" and impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2). Kimbrough v. United States, 552 U.S. 85, 101 (2007). While the guidelines serve as the starting point and initial benchmark in making this determination, Gall v. United States, 552 U.S. 38, 49 (2007), the district court may not presume that a guideline sentence is the correct one, Nelson v. United States, 129 S. Ct. 890, 892 (2009). Rather, after accurately calculating the advisory range so that it can derive

2

whatever insight the guidelines have to offer, the district court must make an independent determination based on all of the § 3553(a) factors and "without any thumb on the scale favoring a guideline sentence." United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007).

**III.**

In this case, police obtained a search warrant for a residence on N. 34th Street in Milwaukee based on information that a named person was selling marijuana there. While executing the warrant, officers found defendant in one of the bedrooms, in bed with a loaded .22 caliber rifle on the floor next to him. In a jewelry box, officers also found a bag of marijuana, which weighed .51 grams; on a table, they found a box of sandwich bags, a digital scale, and a bag containing eighteen smaller bags of marijuana weighing 11.66 grams; and on a night table they found another bag of marijuana weighing 1.57 grams.

After being advised of his rights, defendant admitted a prior conviction for domestic violence-battery, and that he placed the gun, which he said he was holding for a friend, next to the bed. He also admitted the marijuana in the jewelry box and night stand was his but denied the smaller bags, scale, and packaging materials. During a later interview, defendant admitted that he lied during the previous statement, and the gun really belonged to him. He said he bought it on the street for $55 or $60. He further stated in the subsequent interview that all of the marijuana belonged to his girlfriend. In any event, the government did not argue that these amounts of marijuana were sufficient to establish a felony, and there was no evidence that defendant was selling marijuana.

Defendant was thirty-one years old, with a significant number of prior contacts, some of which evinced a violent or aggressive disposition – criminal damage to property in 1998;

3

battery and bail jumping in 2000; battery and resisting an officer in 2003 (he received prison in that case); resisting/obstructing and marijuana possession in municipal court in 2005; disorderly conduct and drunk driving in 2006; disorderly conduct and obstructing in municipal court in 2007; carrying a concealed weapon (a bottle of pepper spray) in 2008; two more disorderly conduct cases in municipal court in 2008; marijuana possession in 2009; and resisting/obstructing and yet another disorderly conduct in municipal court in 2010. In considering the particulars of these crimes, I saw someone with anger and self-control issues, and substance abuse issues – alcohol and marijuana – which made his possession of a firearm troublesome.

Defendant related a difficult childhood to the PSR writer, joining a gang at age eleven. He was shot multiple times in 1997, which resulted in a two-week hospitalization. The PSR reported significant substance abuse problems with alcohol and marijuana (PSR ¶¶ 79-83), which were also mentioned by his mother in her statement to the PSR writer. Defendant appeared to make progress in addressing his substance abuse problems while on bond in this case; after early positive tests for marijuana he was placed in residential treatment and successfully discharged from that program.

The PSR writer also spoke to defendant's girlfriend of several years, and she indicated that he had been a different person on federal supervision, addressing his alcohol problem. She further stated that he treated her three children as his own and supported her with her significant medical issues.

Aside from substance abuse, the PSR discussed – and defendant's mother and girlfriend confirmed – mental health treatment needs. Defendant commenced counseling in January 2011, making some progress, as discussed in ¶¶ 74-77 of the PSR. He had been

4

prescribed medications for depression and seizures.

It was this progress in substance abuse and mental health treatment which prompted me to continue sentencing for three months to see if defendant could perform in the community. Unfortunately, while defendant avoided serious violations, his supervising pre-trial services officer reported that his attitude was poor, he did not appear to be fully addressing his mental health issues, and he proclaimed himself sick of supervision.

The guidelines called for a term of 21-27 months; the government recommended a prison term within the range, while defendant requested probation. Due primarily to his performance over the past three months, I found defendant a poor candidate for probation, and I agreed with the government that a period of confinement was necessary. This was a serious crime, possession of a loaded firearm by someone with defendant's record. I also had to impose a sentence sufficient to deter other prohibited persons from obtaining firearms.

However, for several reasons, I found a sentence somewhat below the range sufficient. First, defendant possessed the gun inside the home; he was not carrying it around on his person or in his car. Nor was there any evidence of use, intended use, or threatened use. Thus, a below range sentence sufficed to provide just punishment. Second, I wanted to acknowledge the steps defendant took to address his substance abuse and mental health treatment needs, which decreased the likelihood of his re-offending.

Under all the circumstances, I found a sentence of 12 months and 1 day sufficient but not greater than necessary to satisfy the purposes of sentencing. This sentence sufficed to punish and deter, while acknowledging the mitigating aspects of the case and defendant's efforts in treatment. Based on his financial situation, I determined that defendant lacked the ability to pay a fine. In order to smooth his transition back into the community, I ordered

defendant to serve six months of supervised release, with drug aftercare and mental health treatment conditions. Given his comments and performance on pre-trial release, a longer period of supervision seemed unwise.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2011.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge